■ TOWN OF BLOOMING GROVE et al., Respondents, v MERRIEWOLD WATER CORP., Appellant. [641 NYS2d 706] —In an action, *inter alia*, for a judgment declaring that the defendant failed to make a timely claim for additional compensation for certain property acquired by the plaintiffs, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 20, 1994, which denied its motion for summary judgment and granted the plaintiffs' cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, the plaintiffs' cross motion for summary judgment is denied, and the matter is remitted to the Supreme Court, Orange County, for the entry of an appropriate judgment declaring that the defendant's claim for additional compensation was timely.

Pursuant to a negotiated agreement between the parties, the defendant accepted a $133,000 advance payment on certain property it owned that was later transferred to the plaintiffs. Pursuant to the terms of the agreement, the defendant had six months from the closing of title, which occurred on November 1, 1993, to claim additional compensation for the property. The parties later agreed to extend this deadline until May 16, 1994. Any demand for additional compensation was to be "in a man-

ner provided by law". On May 13, 1994, after its request for a further extension of the deadline was denied, the defendant filed an action in Supreme Court seeking additional compensation for the property. The plaintiffs, asserting that the demand was incorrectly brought and untimely, commenced the instant action for a declaration that the defendant was precluded from seeking any additional compensation for the property.

The plaintiffs argue that the phrase "in a manner provided by law" contained in the parties' agreement refers to EDPL 503 (B), which concerns the method for filing a claim for additional compensation in a condemnation proceeding. At the time the parties entered into the agreement, a condemnation proceeding concerning the property was pending. Here, the plaintiffs argue, the defendant's Supreme Court action was defective pursuant to EDPL 503 (B) for two reasons. First, the defendant had to file its claim for additional compensation in the condemnation proceeding. Second, the defendant had to serve the plaintiffs before the expiration of the May 16, 1994 deadline. However, at the time that the defendant filed its claim in the Supreme Court on May 13, 1994, the parties were not acting pursuant to the condemnation proceeding, in that neither the order issued in that proceeding, dated October 28, 1993, nor the acquisition map was ever filed (see, EDPL 502 [B]). Rather, it is clear that the parties were proceeding pursuant to their agreement. Thus, the Eminent Domain Procedure Law is not applicable. Accordingly, the requirement in the parties' agreement that a claim for additional compensation be made "in the manner provided by law", must be construed to refer to the method by which legal relief would otherwise be sought, i.e., the timely commencement of the appropriate action or proceeding in a court of competent jurisdiction. Thus, the defendant's commencement of an action in the Supreme Court was not improper. Further, pursuant to CPLR 304, the action was commenced on May 13, 1994. Thus, it was not untimely.

In any event, whether the defendant's demand for additional compensation is treated as a claim in the contract action or as a step taken in the condemnation proceeding, the result is the same. The defendant accepted the formal offer of $133,000 as advance payment, reserving its right to bring a claim for additional compensation. Because the formal offer was accepted as advance payment, it could not "affect in any way the time limit for a filing of [a claim for additional compensation] as provided in [EDPL 503]" (EDPL 304 [G]). Accordingly, the provision in the parties' agreement shortening the time limitation

in which the defendant had to file a claim for additional compensation was unenforceable and the claim was timely filed (see, EDPL 503).

We note that since this is a declaratory judgment action, the Supreme Court should have directed the entry of a declaration in favor of the defendant (see, Lanza v Wagner, 11 NY2d 317, 334, appeal dismissed 371 US 74, cert denied 371 US 901).

The defendant's remaining contention is without merit. Rosenblatt, J. P., O'Brien, Ritter and Goldstein, JJ., concur.